**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIAJIE ZHU,

          Plaintiff-Appellee,

  v.

JING LI; DONG CHEN,

          Defendants-Appellants.

No.   23-16173

D.C. No. 4:19-cv-02534-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Argued and Submitted November 22, 2024
San Jose, California

Before: BERZON and FRIEDLAND, Circuit Judges, and KENNELLY,[**] District Judge.

Appellants Jing Li and Dong Chen appeal two decisions by the district court.

First, Li and Chen appeal the district court's grant of appellee Jiajie Zhu's motion in limine to exclude all evidence of Teetex LLC's alternative ownership. Second, Li

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

and Chen appeal the district court's denial of their motion for a new trial.

We review a district court's ruling on a motion in limine for abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). We review a district court's denial of a motion for a new trial for abuse of discretion and its reconciliation of special verdict forms *de novo*. *Flores v. City of Westminster*, 873 F.3d 739, 755–56 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in granting Zhu's motion in limine. Under California Evidence Code section 622, "[t]he facts recited in a written instrument are conclusively presumed to be true as between the parties thereto." Cal. Evid. Code § 622 (West 2024). That section, which codifies the doctrine of estoppel by contract, is "based on the principle that parties who have expressed their mutual assent are bound by the contents of the instrument they have signed, and may not thereafter claim that its provisions do not express their intentions or understanding." *City of Santa Cruz v. Pac. Gas & Elec. Co.*, 99 Cal. Rptr. 2d 198, 205 (Ct. App. 2000).

The Sale Agreement ("PSA") was signed by Zhu and Li and named Zhu as a member with a corresponding membership interest in Teetex, not as a nominal member. Chen signed the PSA as a guarantor. Thus both Li and Chen are bound by the terms of the PSA. The district court properly applied estoppel by contract to

2

prevent them from denying a fact in the PSA, namely that Zhu was an interest-holding member of Teetex at the time the PSA was executed.

2. The district court also properly resolved any purported discrepancies in the jury's damages award. "[W]hen confronted by seemingly inconsistent answers to the interrogatories of a special verdict, a court has a duty under the seventh amendment to harmonize those answers, if such be possible under a fair reading of them." *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) (citing *Gallick v. Balt. & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)). "Only in the case of fatal inconsistency may the court remand for a new trial." *Id.* The district court noted that, based on the verdict form and jury instructions, the jury may have assigned a portion of the award for misrepresentation to the cause of action for intentional misrepresentation and a portion to the cause of action for breach of fiduciary duty, with the understanding that the awards would be aggregated, meaning the two awards were not a double recovery. The district court reasoned that, because the total amount that the jury awarded for both claims was similar to—albeit slightly less than—the uncontradicted value of Zhu's pecuniary harm, the jury likely apportioned its award between the claims. The district court also noted that the special verdict form asked the jury whether Li and Chen misrepresented the profits of Teetex across two different lengths of time. The district court determined that these different lengths of time could explain why the jury elected to award differing damages for the

3

intentional misrepresentation and breach of fiduciary duty claims. The district court's reading is at least a "fair" interpretation of the jury's verdict. *Flores*, 873 F.3d at 756; *see also id.* at 752 ("[R]easonable inferences may be drawn which will support rather than defeat a judgment." (quoting *Weddle v. Loges*, 125 P.2d 914, 917 (Cal. Ct. App. 1942))). "[B]ecause substantial evidence permits 'a correct interpretation' that avoids double recovery," a new trial is not warranted. *Id.* at 752 (quoting *Roby v. McKesson Corp.*, 219 P.3d 749, 760 (Cal. 2009)). Lastly, the jury was instructed regarding the elements that make up a breach of fiduciary duty under California law, and the special verdict form contained questions establishing those elements.

**AFFIRMED.**